IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

MICHAEL PRUITT, #258 430     *

        Plaintiff,           *

            v.           *       2:08-CV-510-TMH
                                     (WO)

RICHARD ALLEN, ADOC PRISON   *
COMMISSIONER,
                                *

        Defendant.

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, a state inmate incarcerated at the Bullock Correctional Facility in Union

Springs, Alabama, filed this 42 U.S.C. § 1983 action on June 30, 2008. He challenges the

validity of his classification status and the impact it may have on his eligibility for placement

in a work release program.  Plaintiff further complains that Defendant, Commissioner

Richard Allen, is engaged in an ongoing conspiracy to deprive him of his constitutional

rights. Plaintiff seeks injunctive and monetary relief.[1]  (*Doc. No. 1.*)  Upon review of the

complaint, the court concludes that dismissal of Plaintiff's complaint prior to service of

---

[1] Plaintiff also requests that all filing fees be waived until conclusion of this matter.  This court must, under the provisions of 28 U.S.C. § 1915(b)(1), "assess and, when funds exist, collect" the $350.00 filing fee from monies available to Plaintiff, when the amount in Plaintiff's account exceeds $10.00.   The court may not waive or temporarily exempt Plaintiff from compliance with the statutory provisions regarding payment of filing fees.

process is proper under 28 U.S.C. § 1915(e)(2)(B).[2]

## I. DISCUSSION

Plaintiff alleges that his classification status is determined by, among other things, the offenses of kidnapping and assault, crimes for which he claims he was neither convicted nor sentenced. He complains that factoring in these offenses for classification purposes may hinder his ability to be placed in a work release program. Plaintiff further claims that Defendant has engaged in a "pattern of conspiring" by using the illegal charges in order to prevent Plaintiff from being placed on work release. (*Doc . No. 1 at 2-3.*)

*A. Respondeat Superior*

Defendant Allen is the Commissioner of the Alabama Department of Corrections. To the extent Defendant Allen is named as a party to the complaint based on the theory of *respondeat superior*, the claims against him are due to be dismissed.

Supervisory personnel cannot be held liable under § 1983 for the actions of their subordinates under a theory of *respondeat superior*. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978). However, liability may be imposed if the plaintiff shows that the defendant either personally participated in the alleged constitutional violation or instigated or adopted a policy that violated the plaintiff's constitutional rights. *See Hill v. Dekalb Reg'l*

---

[2]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*Youth Det. Ctr.,* 40 F.3d 1176, 1192 (11th Cir. 1994), *abrogated on other grounds Hope v.*

*Pelzer,* 536 U.S. 730 (2002).

> [Supervisory] liability under section 1983 must be based on something more
> than a theory of respondeat superior. Supervisory liability occurs either when
> the supervisor personally participates in the alleged constitutional violation or
> when there is a causal connection between actions of the supervising official
> and the alleged constitutional deprivation. The causal connection can be
> established when a history of widespread abuse puts the responsible supervisor
> on notice of the need to correct the alleged deprivation, and he fails to do so.
> *Cross v. Alabama Dep't. of Mental Health & Mental Retardation,* 49 F.3d
> 1490, 1508 (11th Cir. 1995) (quoting *Brown v. Crawford,* 906 F.2d 667, 671
> (11th Cir. 1990)); *accord Dean v. Barber,* 951 F.2d 1210, 1215 (11th Cir. 1992)
> ( [A] supervisor may be held liable under section 1983 if the supervisor had
> personal involvement in the constitutional deprivation or if a sufficient causal
> connection exists between the supervisors conduct and the constitutional
> violation.).

*Dolihite v. Maughon*, 74 F.3d 1027, 1052 (11th Cir. 1996).

In light of the foregoing, the court concludes that Plaintiff's claims against Defendant

Allen on the basis of *respondeat superior* lack an arguable basis in law and are, therefore,

subject to dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

*Neitzke v. Williams,* 490 U.S. 319, 327 (1989)

*B. The Due Process Claim*

The Due Process Clause of the Fourteenth Amendment to the United States

Constitution provides that no state "shall deprive any person of life, liberty, or property

without due process of law." Thus, the Constitution is implicated only if a person is deprived

of an interest which is in some way protected by the Due Process Clause. In *Sandin v.*

*Conner*, 515 U.S. 472 (1995), the Supreme Court abandoned its former methodology for

3

determining the existence of a liberty interest.  Under such previous case law, a federal court ascertained whether a state created a constitutionally protected liberty interest by parsing language of statutes and regulations to determine if the language was "of an unmistakably mandatory character" placing "substantive limitations on official discretion." *Id.* at 480.  The *Sandin* Court held, however, that federal courts must instead look to the nature of the restraint imposed, rather than statutory or regulatory language, to determine if a state created a liberty interest.

> Following *Wolff*,[3] we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. . .  But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

515 U.S. at 483-484 (1995) (footnote added) (citations omitted).  Moreover, the Court specifically rejected the contention that any action taken by correctional officials as a punitive measure necessarily encroaches upon a liberty interest protected under the Due Process Clause.  *Id.*  at 484.

Here, the court understands Plaintiff to claim that Defendant has violated his right to due process by relying on offenses for which he was neither convicted nor sentenced in order to determine his classification level.  In so doing, Plaintiff complains that his eligibility for work release is negatively impacted.

---

[3] *Wolff v. McDonnell*, 418 U.S. 539 (1974).

4

The law is well-settled that an inmate in the Alabama prison system has no state created liberty interest which entitles him to work release, *Francis v. Fox*, 838 F.2d 1147, 1149 (11th Cir. 1988), nor does the Due Process Clause itself create a constitutionally protected interest in work release. *Kitchen v. Upshaw*, 286 F.3d 179, 188 (4th Cir. 2002) (inmate denied permission to participate in work release has no constitutionally protected interest in work release because "it is clear that being denied permission to leave jail in order to work is nothing more than an ordinary experience of inmates."); *Codd v. Brown*, 949 F.2d 879 (6th Cir. 1991) (prisoners have no inherent due process interest in work release). Moreover, an inmate confined in the Alabama prison system has no constitutionally protected interest in the procedures affecting a change in his classification level because any resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Plaintiff has no constitutionally protected interest in the level of his custody classification and correctional officials may, therefore, assign him to any classification level without implicating the protections of due process. Because Plaintiff's claims concerning matters associated with his classification status fail to state a constitutional violation, they are due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B).

*C. The Conspiracy Claim*

Plaintiff contends that Defendant's actions constitute a conspiracy against him in violation of 42 U.S.C. § 1985 and that he failed to prevent such conspiracy in violation of 42

U.S.C. § 1986.  Under 42 U.S.C. § 1985 a remedy is provided based upon a conspiracy to deprive an individual of equal protection or equal privileges and immunities under the law. Under section 1985, Plaintiff must establish (a) the existence of a conspiracy; (b) that Defendants intended to deny Plaintiff of his equal protection of laws, or equal privileges and immunities under the laws ; (c) injury or deprivation of a federally-protected right; (d) an overt act in furtherance of the object of the conspiracy; and (e) some racial or otherwise class-based invidiously discriminatory animus behind the conspirator's action. *See Arnold v. Board of Education of Escambia County, Alabama,* 880 F.2d 305, 317-318 (11th Cir.1989), *overruled on other grounds by Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163 (1993); *Sims v. Jefferson Downs, Inc.,* 611 F.2d 609 (5th Cir. 1980). A complaint containing conclusory, vague, and general allegations of conspiracy will be dismissed as insufficient. *Bendiburg v. Dempsey,* 909 F.2d 463, 468 (11th Cir. 1990); *Arnold,* 880 F.2d at 309 n.2; *Kearson v. Southern Bell Telephone & Telegraph Co.,* 763 F.2d 405, 407 (11th Cir.1985). The complaint must demonstrate that the conspiratorial acts intruded upon Plaintiff's federal rights, and it must show that Defendant reached an agreement or understanding to commit the acts. *Bendiburg,* 909 F.2d at 468; *see also Harvey v. Harvey,* 949 F.2d 1127 (11th Cir. 1992); *Strength v. Hubert,* 854 F.2d 421, 425 (11th Cir. 1988); *Fullman v. Graddick,* 739 F.2d 553, 556-7 (11th Cir. 1984).

In the instant case, Plaintiff's allegations of conspiracy are conclusory and vague. Additionally, Plaintiff does not allege that Defendant's conduct was motivated by racial or

otherwise class-based invidiously discriminatory animus. Therefore, Plaintiff's claims under § 1985 against Defendant are due to be dismissed.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that on or before **July 16, 2008** the parties may file objections to the Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

Done, this 3rd day of July 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE