IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| MICHAEL PRUITT, #258 430 | * | |
| Plaintiff, | * | |
| v. | * | 2:08-CV-510-TMH (WO) |
| RICHARD ALLEN, ADOC PRISON COMMISSIONER, | * | |
| | * | |
| Defendant. | | |

_____

**ORDER AND SUPPLEMENTAL RECOMMENDATION**

**OF THE MAGISTRATE JUDGE**

On July 3, 2008 the undersigned entered a Recommendation that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff filed objections to the Recommendation on July 17, 2008. Upon thorough review of this pleading, the court concludes that Plaintiff's objections are without merit. However, in the interest of justice, the court deems it appropriate to supplement its previous Recommendation in light of the contentions raised by Plaintiff in his objections.

Richard Allen ["Allen"], the Commissioner of the Alabama Department of Corrections, is the sole defendant named to this cause of action. Plaintiff filed suit against Allen complaining about matters related to his classification status. Plaintiff's objections reiterate these claims, and he further alleges that matters associated with his classification

level have subjected him to discriminatory treatment.[1]

Plaintiff, in his objections, states he has made both oral and written request to classification personnel regarding their use of kidnapping and assault charges to determine his classification level. According to Plaintiff, these offenses are twelve years old and did not result in an indictment, a conviction, or sentence, but rather, were dismissed. With regard to his complaint against Allen, Plaintiff maintains that Allen "has an ongoing or adopted policy that violate[s] [his] constitutional rights," that policy being one which allows Plaintiff to be classified by prison officials who may consider offenses for which he was neither sentenced nor convicted. (*See Doc. No. 5 at 2-4.*)

A plaintiff cannot prevail under § 1983 based solely on a theory of *respondeat superior*. *Hardin v. Hayes,* 957 F.2d 843, 849 (11th Cir. 1990); *Rogers v. Evans,* 792 F.2d 1052, 1058 (11th Cir. 1986). In order to prevail on a § 1983 claim against a supervisory official, a plaintiff must show that the named defendant was actually involved in, or exercised control or direction over, the alleged constitution deprivation, or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003); *H.C. by Hewett v. Jarrard,* 786 F.2d 1080, 1086-87 (11th Cir. 1986). "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that

---

[1] To the extent Plaintiff' equal protection allegation constitutes a new claim, the objections will be construed to contain a motion to amend the complaint to add an additional claim for relief.

constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown v. Crawford,* 906 F.2d 667, 671 (11th Cir.1990).

Here, Plaintiff has not alleged that Allen was actually involved in, or exercised control or direction over, the alleged constitutional deprivations in this case. Rather Plaintiff alleges in summary fashion that Allen adopted a policy which permits consideration of prior criminal conduct for purposes of classifying inmates. Review of an inmate's criminal history, however, may properly included an examination of the underlying facts of his criminal conduct, whether or not such conduct resulted in a conviction, for purposes of determining the prisoner's security level based on that classification review. Because Plaintiff's assertions do not establish the necessary causal connection to hold Allen responsible for Plaintiff's alleged constitutional deprivations, and because there is no *respondeat superior* liability in § 1983 actions, this claim against Allen is due to be dismissed. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

With regard to Plaintiff's allegation that Allen has violated his right to equal protection by adopting an unspecified policy permitting consideration of a prisoner's criminal history for classification purposes, including matters for which an inmate was neither convicted nor sentenced, he is entitled to no relief. As noted, Plaintiff may not rely on a theory of *respondeat superior* to hold Allen liable for the conduct about which he complains. Instead, Plaintiff must show that Allen personally participated in the alleged constitutional

3

violation or that there is a causal connection between Allen's conduct and the alleged constitutional deprivation. *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992).

Again, Plaintiff does not allege that Allen was personally involved in the alleged constitutional deprivations about which he complains nor has he shown the existence of a causal connection between Allen's conduct and/or actions and the alleged constitutional deprivation. Assuming, *arguendo*, that he could show either, in order to establish a claim under the equal protection clause a plaintiff must show (1) that he is similarly situated with other persons who were treated differently than him, and (2) that the reason for the different treatment was based a constitutionally protected interest. *Damiano v. Fla. Parole & Prob. Comm'n,* 785 F.2d 929 (11th Cir. 1986). Discriminatory intent must be shown; arbitrary application without discriminatory intent is insufficient. *E & T Realty v. Strickland,* 830 F.2d 1107 (11th Cir.1987).

Assuming that Plaintiff has shown that he is similarly situated with other persons treated differently from him, he fails to allege that any differential treatment was based on a constitutionally protected interest. In the absence of any such claim, Plaintiff's complaint against Allen for discrimination is subject to dismissal. *See Neitzke* 490 U.S. at 327.

In light of the foregoing, it is

ORDERED that Plaintiff's July 17, 2008 objection, construed to contain a motion to amend the complaint to add an equal protection claim, be and is hereby GRANTED.

It is the RECOMMENDATION of the Magistrate Judge that:

1. The July 3, 2008 Recommendation of the Magistrate Judge be adopted; and

2. Plaintiff's *respondeat superior* and equal protection claims, as discussed herein, be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).

It is further

ORDERED that on or before **August 11, 2008** the parties may file objections to the Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 29th day of July 2008.

                                    /s/Terry F. Moorer
                                   TERRY F. MOORER
                                   UNITED STATES MAGISTRATE JUDGE